UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NIKI[1] KONECKI, | § | |
| *Plaintiff* | § | |
| v. | § | |
| | § | CIVIL NO. 1:20-CV-347-LY |
| C. R. BARD, INC. and BARD | § | |
| PERIPHERAL VASCULAR, INC. | § | |
| *Defendants* | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b), filed April 7, 2021 (Dkt. 27); Plaintiff's Response in Opposition to Defendants' Rule 41(b) Motion to Dismiss, filed April 21, 2021 (Dkt. 28); and Defendants' Reply, filed April 27, 2021 (Dkt. 30). The District Court referred all pending and future nondispositive and dispositive motions to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 29.

## I.       General Background

### A.  Underlying MDL

This product liability case is one of more than 8,000 lawsuits filed in a multidistrict litigation proceeding ("MDL") against Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard"). Bard manufactures and markets medical devices, including inferior vena cava ("IVC") filters.

---

[1] The Court hereby orders the Clerk to correct the spelling of Plaintiff's first name from Nikie to Niki.

The IVC is a large vein that returns blood to the heart from the lower body. An IVC filter is a small device implanted in the IVC to catch blood clots before they reach the heart and lungs. The MDL Plaintiffs received implants of Bard's IVC filters, which Plaintiffs claim are defective and have caused them to suffer serious injury or death. The MDL Plaintiffs allege that Bard's IVC filters are more dangerous than others because they have higher risks of tilting, fracturing, perforating the IVC, and migrating to vital organs. Plaintiffs further allege that Bard failed to warn patients and physicians about these higher risks. Defendants dispute the allegations, contending that Bard filters are safe and effective, their complication rates are low and comparable to those of other IVC filters, and the medical community is aware of the risks associated with IVC filters.

The MDL was formed to centralize all pretrial proceedings and complete all common fact and expert discovery concerning Bard's IVC filters. In August 2015, the Judicial Panel on Multidistrict Litigation assigned the MDL to the Honorable David G. Campbell, Senior United States District Judge of the U.S. District Court for the District of Arizona, in order to centralize all pretrial proceedings. Dkt. 5 at 1. After all common fact and expert discovery concerning the Bard IVC filters was completed, Judge Campbell transferred each pending direct-filed case to the district identified in the short form complaint, pursuant to 28 U.S.C. § 1404(a).

## B.  Plaintiff's Lawsuit

Plaintiff Niki Konecki originally filed this case on April 26, 2017 in the District of Arizona on behalf of her deceased mother, Margaret A. McWilliams. *In Re Bard IVC Filters Products Liability Litigation*, MDL No. 15-02641-PHX-DGC (D. Ariz. April 26, 2017) (Dkt. 1). On March 10, 2005, McWilliams' physician, Carlos Obregon, D.O., implanted a Bard Vena Cava Filter device ("Device") in McWilliams' left leg to treat deep vein thrombosis. Dkt. 25-1 at 9. Plaintiff alleges that on June 27, 2016, McWilliams' Device fractured and perforated Plaintiff's vena cava, causing

internal bleeding and eventually her death in August 2016. *Id.* at 17. Bard denies that the Device caused McWilliams' death and contends that she died from complications associated with advanced stage peritoneal cancer. Konecki Dep. (Dkt. 25-4) 102:8-103:15. Plaintiff alleges state law claims of manufacturing defect, failure to warn, design defect, negligence, negligent misrepresentation, negligence *per se,* breach of express warranty, breach of implied warranty, fraudulent concealment, wrongful death, and punitive damages. Dkt. 1 ¶ 12.

On April 1, 2020, the U.S. District Court for the District of Arizona transferred this case to the Western District of Texas. Dkt. 6. On June 17, 2020, the District Court entered a Scheduling Order providing that fact discovery would be completed by January 15, 2021. Dkt. 20 at 2. The parties agreed to use the authorizations for medical records and fact sheets used in the MDL in lieu of written discovery. Dkt. 25 at 2.

During Plaintiff's deposition on December 21, 2020, Plaintiff testified that she was not the executor or administrator of McWilliams' estate and that the estate had not been administered. Konecki Dep. (Dkt. 25-4) 103:23-104:4. On February 4, 2021, Bard filed an Unopposed Motion to Stay the case for sixty days to allow Plaintiff to administer the estate of decedent McWilliams. In support, Bard stated:

> This case has proceeded under the assumption that Ms. Konecki has the legal right to pursue claims on behalf of decedent McWilliams, but in fact, Bard learned recently that no estate administration has been established. Bard has been unable to obtain medical and other records regarding the decedent, because Ms. Konecki does not have authority to sign the records authorizations. Discovery cannot proceed, and Bard cannot adequately evaluate Ms. Konecki's claims and defend against them, unless and until an estate representative provides properly executed records authorizations and records are obtained.

Dkt. 25 at 1. Accordingly, Bard requested that the case be stayed for sixty days "for Plaintiff to undertake a proper estate administration for McWilliams and to execute proper authorizations so

that Bard may obtain the medical records needed to defend Plaintiff's claims." *Id.* at 3. On February 5, 2021, the District Court granted the Unopposed Motion to Stay. Dkt. 26.

### C.  Bard's Motion to Dismiss

On April 7, 2021, Bard filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with the District Court's February 5, 2021 Order. Defendant contends that Plaintiff has neither administered McWilliams' estate nor provided Bard with valid medical release authorizations as ordered. Accordingly, Bard argues that Plaintiff's case must be dismissed under Rule 41(b).

In response, Plaintiff does not dispute that she did not undertake an estate administration or provide Bard with valid medical release authorizations for McWilliams during the stay. However, Plaintiff argues that a stay was not necessary for Bard to obtain McWilliams' medical records because it could have obtained those medical records by following the procedures outlined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and corresponding regulations. In addition, Plaintiff avers that she was not required to undertake an administration of McWilliams' estate under Texas law.

Bard acknowledges in its reply brief that it may seek McWilliams' medical records under HIPAA and thus has withdrawn its request to dismiss the case on that basis. *See* Dkt. 30 at 1 (stating that "Bard stands corrected on the issue of obtaining medical records"). Bard nonetheless seeks to dismiss this case under Rule 41(b), asserting that Plaintiff (1) violated a court order and failed to prosecute case by failing to undertake a proper estate administration, and (2) has failed to establish that she has the capacity to sue on behalf of McWilliams' estate.

### II.    Legal Standard

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim

against it." "Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). This authority is based on the "courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

A dismissal with prejudice under Rule 41(b) "is an extreme sanction that deprives the litigant of the opportunity to pursue [her] claim." *Berry*, 975 F.2d at 1191. Therefore, dismissals with prejudice for failure to prosecute are proper "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry*, 975 F.2d at 1191). Additionally, in most cases in which the Fifth Circuit has affirmed dismissals with prejudice under Rule 41(b), it has found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

### III.    Analysis

The Court considers in turn Bard's arguments concerning Plaintiff's asserted failure to prosecute and her capacity.

### A.  Violation of Court Order and Failure to Prosecute

Bard argues that this case should be dismissed under Rule 41(b) because Plaintiff violated the District Court's February 5, 2021 Order and failed to prosecute this case by not undertaking a proper estate administration during the stay. The Court disagrees.

Plaintiff did not violate the District Court's February 5, 2020 Order. While Bard's Motion to Stay requested "that should Ms. Konecki not take the necessary steps to administer the estate and

provide valid authorizations within that time, that the case be dismissed for failure to properly prosecute,"[2] the District Court did not include that warning in its Order. Instead, the Order states that "this case is stayed for 60 days, to *allow* Plaintiff Nikie Konecki to undertake an estate administration for decedent Margaret A. McWilliams . . . ." Dkt. 26 (emphasis added). The District Court did not order Plaintiff to undertake an estate administration. The fact that Plaintiff did not undertake the estate administration, as she had assured Bard she would, is more akin to a violation of a discovery agreement. Dismissals under Rule 41(b) for discovery violations are inappropriate. *See Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 207 (1958) (holding that "whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37" so there "is no need to resort to Rule 41(b)"); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE ("WRIGHT & MILLER") § 2369 (4th ed. 2021 Update) ("[A]ccording to many courts, reliance on Rule 41, or on the court's inherent power, as authority for dismissal for failure to comply with a discovery order is improper since Rule 37 is the exclusive source of authority for dismissal on this ground.").

Bard also argues that Plaintiff's failure to administer McWilliams' estate during the stay constitutes a failure to prosecute and the case should be dismissed with prejudice on this basis. As noted above, a district court may dismiss a case with prejudice under Rule 41(b) for failure to prosecute only if "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry*, 975 F.2d at 1191. Neither has occurred in this case.

---

[2] Dkt. 25 at 3.

First, there is no record of delay or contumacious conduct. Fifth Circuit decisions affirming Rule 41(b) dismissals with prejudice "involve egregious and sometimes outrageous delays." *Rogers v. Kroger Co.*, 669 F.2d 317, 320-21 (5th Cir. 1982) (collecting cases involving multiyear delays). The Court finds that a sixty-day delay is neither egregious nor outrageous. *See Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (finding that a 45-day delay, without more, was not enough to justify the severe sanction of dismissal with prejudice). Nor has the Court employed lesser sanctions or determined that lesser sanctions would not prompt diligent prosecution. *Berry*, 975 F.2d at 1191. And there is no evidence of the aggravating factors discussed in *Berry*: There is no evidence that the delay was caused by Plaintiff rather than her counsel, Bard was prejudiced, or counsel intended to delay proceedings. "In sum, the record shows neither a clear record of delay or contumacious conduct, nor the futility of lesser sanctions, nor any aggravating factor." *Campbell*, 988 F.3d at 802. Accordingly, the undersigned recommends that dismissal under Rule 41(b) would be inappropriate.

### B.  Plaintiff's Capacity

Bard next argues that this case should be dismissed under Rule 41(b) because Plaintiff has failed to establish that she has the capacity to bring this lawsuit on behalf of McWilliams' estate. Capacity is "a party's personal right to come into court, and should not be confused with the question of whether a party has an enforceable right or interest or is the real party in interest." 6A WRIGHT & MILLER § 1559 (3d ed. 2021 Update). Capacity is "a procedural issue dealing with the personal qualifications of a party to litigate and typically is determined without regard to the particular claim or defense being asserted." *Id.* Lack of capacity to sue, unlike standing, is not a jurisdictional defect. *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42 n.1 (6th Cir. 1994); *Johnston v. Dexel*, 373 F. Supp. 3d 764, 789 n.6 (S.D. Tex. 2019).

Federal Rule of Civil Procedure 17 prescribes the general requirements that must be satisfied in federal civil actions regarding a plaintiff's interest in the subject matter of the proceeding and each litigant's capacity either to sue or be sued. Rule 17(b) sets forth rules for determining a party's capacity to sue or be sued in federal district court. The capacity to sue as a representative of a decedent is determined "by the laws of the state where the court is located." FED. R. CIV. P. 17(b)(3). Under Texas law, "a deceased's estate is not a legal entity and may not properly sue or be sued as such." *Aguirre v. City of San Antonio*, 995 F.3d 395, 423 (5th Cir. 2021) (citing *Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex. 1975)). "An estate only has the capacity to sue through either its legally appointed legal representative or an heir who can demonstrate that there is 'no administration pending and none [is] necessary.'" *Id.* (quoting *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848-49 (Tex. 2005)).

Plaintiff attempts to sue on behalf of her deceased mother's estate as an heir. Texas law authorizes Plaintiff to maintain this case as McWilliams' legal heir only if she is the estate's sole beneficiary and the estate has no creditors. *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 212 (5th Cir. 2016) (citing *Shepherd v. Ledford*, 962 S.W.2d 28 (Tex. 1998)). In *Shepherd*, the Texas Supreme Court held that a wife had the capacity to pursue a survival action on behalf of her late husband's estate where the evidence established that the husband had no children, owned no real property, had no outstanding debts, and the family had agreed that the wife would take the husband's entire estate. 962 S.W. 2d at 33-34. Accordingly, the court held that "no formal administration was necessary" and the wife had the capacity to sue on behalf of her late husband's estate. *Id.* at 34.

A Texas appellate court applied *Shepherd* to reach the opposite conclusion in *Stewart v. Hardie*, 978 S.W.2d 203, 207 (Tex. App.–Fort Worth 1998, pet. denied). The court held that a

husband/plaintiff lacked capacity to sue on behalf of his deceased wife's estate because he was not the estate's personal representative and had not demonstrated that he was the estate's sole beneficiary. The court reasoned:

> Unlike the situation in *Shepherd*, which Stewart relies on, Stewart was not the only beneficiary of Mrs. Stewart's estate. In *Shepherd*, an administration was not necessary as a matter of law because the surviving spouse was the only heir of the estate and there was evidence that the family had resolved the estate's disposition. There is no such evidence in this case. Stewart was only entitled to half of the community probate estate and he did not prove that no administration of Mrs. Stewart's estate was pending and that none was necessary. The parties stipulated that the estate had debts at the time of Mrs. Stewart's death. Further, there is no stipulation that the family had reached an agreement as to the disposition of the estate. Thus, an administration was necessary in this case, and the proper party to bring suit on behalf of the estate was the estate's personal representative.

*Id.*

The Fifth Circuit relied on these two cases in *Rodgers*, 819 F.3d at 212. There, it was unclear whether the plaintiff was the sole heir of her deceased son's estate, so the Fifth Circuit remanded the case to the district court to determine whether the plaintiff had capacity to sue:

> Rodgers is Hudson's legal heir. As described above, however, it remains uncertain whether she is the estate's sole heir. So, it is unclear whether administration is necessary and, thus, whether she has capacity to maintain a survival action as a legal heir. The district court did not address Rodgers's capacity, and the record is insufficient to resolve the issue. Therefore, we remand for a determination of her capacity to sue under the Texas survival statute.

*Id.* at 213.

In this case, Plaintiff submitted an affidavit stating that she is McWilliams' daughter, McWilliams died without a will, and her estate has no known assets and liabilities. Dkt. 28-1. But Plaintiff avers that McWilliams also is survived by Plaintiff's brother, Joseph McWilliams. *Id.*; *see also* Plaintiff's Fact Sheet (Dkt. 25-1) at 3 (stating that Joseph McWilliams is McWilliams'

child). Because Plaintiff's brother is alive, under Texas intestacy law, Plaintiff may not be the sole beneficiary of McWilliams' estate. *See* TEX. EST. CODE ANN. § 201.001 (West 2014).[3] Nor has Plaintiff presented a stipulation that the family has reached an agreement as to the disposition of the estate. *See Stewart*, 978 S.W.2d at 207 (finding that administration was necessary where there was no stipulation that family had reached agreement as to disposition of estate). Accordingly, Plaintiff has not established that she has the capacity to bring this suit on McWilliams' behalf.

Nonetheless, the Court finds that Bard's Motion to Dismiss under Rule 41(b) for lack of capacity should be denied. As discussed above, Rule 41(b) permits involuntary dismissal only when the plaintiff fails to prosecute or comply with a court order. Lack of capacity under Rule 17(b) "does not come close to clearing the high bar required for a Rule 41(b) dismissal." *Merry Gentleman, LLC v. George & Leona Prods., Inc.*, No. 13 C 2690, 2014 WL 3810998, at *3 (N.D. Ill. Aug. 1, 2014) (denying Rule 41(b) dismissal for lack of capacity and stating that movant "does not cite and the court cannot find any case dismissed under Rule 41(b) for a violation of Rule 17(b)"). Accordingly, Bard's reliance on Rule 41(b) to dismiss Plaintiff's lawsuit based on lack of capacity is misplaced.

Courts generally entertain motions to dismiss based on lack of capacity under Rule 12(b)(6). 5C WRIGHT & MILLER § 1360 (3d ed. 2021 Update); *see also Matter of Alpha VesselCo, LLC*, No. 6:19-CV-01194, 2021 WL 1654157, at *1 (W.D. La. Apr. 9, 2021) ("Whether a plaintiff lacks the capacity to sue may be analyzed under Fed. R. Civ. P. 12(b)(6)."), *R. & R. adopted*, 2021 WL 1654131 (W.D. La. Apr. 27, 2021); *Angers ex rel. Angers v. Lafayette Consol. Gov't*, 2007

---

[3] Estate of an Intestate Not Leaving Spouse.

    (a) If a person who dies intestate does not leave a spouse, the estate to which the person had title descends and passes in parcenary to the person's kindred in the order provided by this section.

    (b) The person's estate descends and passes to the person's children and the children's descendants.

WL 2908805, at *1 (W.D. La. Oct. 3, 2007) (stating that the Fifth Circuit "has implicitly approved 12(b) motions arguing the lack of capacity to be sued") (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 3114 (5th Cir. 1991)).

Bard could have moved to dismiss for lack of capacity under Rule 12(b)(6), or more appropriately, moved for summary judgment under Rule 56, as it relies on matters outside of the pleadings (e.g., Plaintiff's affidavit and Fact Sheet). Bard, however, failed to file such motions.[4] Because it has not met the high bar for dismissal under Rule 41(b), Bard's Motion to Dismiss under Rule 41(b) should be denied.

### IV.    Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) (Dkt. 27).

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

---

[4] Of course, Bard is free to file a motion for summary judgment based on incapacity any time before the dispositive motion deadline in the Revised Scheduling Order expires. Dkt. 33.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

   **SIGNED** on September 22, 2021.

                                        _____
                                        SUSAN HIGHTOWER
                                        UNITED STATES MAGISTRATE JUDGE